Dereje GUALE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73508.

Agency No. A76–377–763.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2004.[*]

Decided Feb. 13, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, James R. Grimes, Esq., Jennifer L. Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Dereje Guale, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his applications for asylum and withholding of removal and his request for voluntary departure. We review the BIA's denial of asylum and withholding of

---

1. Our disposition makes it unnecessary to address the other jurisdictional challenges presented by the government.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

removal for substantial evidence. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). We will reverse the BIA's decision only if the petitioner's evidence is "so compelling" that no reasonable factfinder could fail to find evidence of past persecution or a fear of future persecution. *Singh,* 301 F.3d at 1111 (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). We lack jurisdiction to review the BIA's denial of Guale's request for voluntary departure. *See* 8 U.S.C. § 1229c(f) (2003); *Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Because we find that the BIA's dismissal of Guale's asylum and withholding of removal claims was supported by substantial evidence, and because we lack jurisdiction to review Guale's request for voluntary departure, we deny Guale's petition for review.

Substantial evidence supports the BIA's decision that Guale failed to demonstrate past persecution on any one of the protected statutory grounds because the record does not compel the conclusion that Guale was detained by Ethiopian authorities on the basis of his ethnicity or political opinion. *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000) (requiring applicant to demonstrate past persecution was "on account of" a statutorily protected ground). Similarly, the record, particularly the Department of State's May 1997 Ethiopia Country Report, does not compel the conclusion that Guale has a reasonable fear of future persecution on the basis of his ethnicity or political opinion. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003) (requiring applicant to provide credible, direct, and specific evidence that supports a reasonable fear of future persecution). Because Guale has failed to demonstrate he is eligible for asylum, he has also failed to demonstrate he is eligible for withholding of removal. *See Santos,* 332 F.3d at 1255. For these reasons, we deny Guale's petition for review.

DENIED.